IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CORNEATIA S. HILL,**<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>**SMITH'S LAYTON DISTRIBUTION,**<br><br>　　　　　　　　　Defendant. | **RULING AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>Case No. 1:24-cv-00201<br><br>Magistrate Judge Dustin B. Pead |

　　　On November 1, 2023, the court temporarily granted Plaintiff Corneatia Hill's[1] Motion for Leave to Proceed In Forma Pauperis and Plaintiff's complaint against Defendant Smith's Layton Distribution was placed on the docket.[2]

　　　Because Hill proceeds in forma pauperis, the court screens her to complaint to review the sufficiency of her pleading under the authority of 28 U.S.C. § 1915.[3] For the reasons set forth herein, the court finds the complaint deficient but grants Hill additional time to correct the identified deficiencies and to file an amended pleading.

---

[1] Plaintiff Corneatia Hill is referred to herein as "Plaintiff" or "Hill".

[2] ECF No. 6, Order Temporarily Granting Leave to Proceed In Forma Pauperis; ECF No. 1, Complaint. Defendant Smith's Layton is referred to herein as "Defendant" or "Smith's".

[3] 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

1.      Screening Under 28 U.S.C. § 1915

Under the in forma pauperis statute the court shall, at any time, dismiss a case if it determines the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[4] The in forma pauperis statute is designed "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[5] To facilitate this objective, the statute provides the authority to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[6] When determining whether to dismiss for failure to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[7]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8] The court accepts all well-pleaded allegations as true

---

[4] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[5] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[6] *Id.*

[7] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6).

[8] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

and views the allegations in the light most favorable to Plaintiff, drawing all reasonable inferences in Plaintiff's favor.[9]

### 2. Pro Se Litigants

As a pro se litigant, the court construes Hill' complaint liberally and holds her pleadings to a less stringent standard than formal pleadings drafted by lawyers.[10] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[11] For instance, Plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[12] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[13] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[14]

---

[9] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[12] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[13] *Hall*, 935 at 1110.

[14] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

## DISCUSSION

**Plaintiff's Complaint Fails To State A Claim Upon Which Relief May Be Granted.**

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] To properly state a claim for relief, Plaintiff must craft a pleading explaining "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[17]

Here, Hill names her former employer, Smith's Layton Distribution, as the Defendant.[18] Yet in her complaint and attached documents, other than claiming general "harassment" by Smith's employees, Plaintiff fails to state any specific facts or claims against Defendant.[19] Rather, the bulk of Hill's allegations reference events involving (and actions taken by) Spherion Staffing, Kristen Trujillo and Matt Leonhardt.[20] At this point, however, it is unclear exactly who

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570)).

[16] *Id.*

[17] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

[18] ECF No. 1, Complaint; ECF No. 1-1; Civil Cover Sheet.

[19] ECF No. 1-2 (The Facts of the Case; Exhibit 1) ("I was harassed by Trujillo, along with a plethora of Spherion and Smith's Layton Distribution employees on a daily basis from May 30-November 30, 2023.")

[20] *Id.*

these other entities and individuals are and how they related to Plaintiff's Title VII claim against Smith's.

In her complaint, Hill raises a claim for racial discrimination and retaliation in violation of the Civil Rights Act of 1964.[21] Title VII prohibits employment discrimination based on an "individual's race, color, religion, sex, or national origin"[22] To state a claim consistent with the applicable burden shifting framework,[23] Plaintiff must set forth the following elements: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.[24] While at this stage Plaintiff "is not required to set forth a prima facie case for each element," she is "required to set forth plausible claims."[25]

Upon review, Plaintiff fails to sufficiently plead a Title VII discrimination claim against Defendant. While not entirely clear, the allegations include that Plaintiff was: (i) asked by a co-worker if she sold marijuana; (ii) harassed and stalked by co-workers; (iii) prevented from working in certain areas; (iv) offered limited overtime opportunities; (v) prevented from receiving adequate care for a work related injury; and (vi) "ghosted" by a unnamed co-worker.[26] Although not plainly stated, Plaintiff appears to allege that these actions were taken against her

---

[21] ECF No. 1-2.

[22] 42 U.S.C. § 2000e-2(a)(1).

[23] *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *see also Morman v. Campbell County Memorial Hosp.,* 632 F. App'x. 927, 933 (10th Cir. 2015) (unpublished) (court evaluates plausibility of a Title VII discrimination claim by "examin[ing] the first step of the *McDonnell Douglas* framework.").

[24] *Throupe v. University of Denver,* 988 F.3d 1243, 1252 (10th Cir. 2021) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)).

[25] *Khalik v. United Air Lines,* 671 F.3d 1188, 1193 (10th Cir. 2012).

[26] ECF No. 1-2.

because she is an African American woman.[27] Yet the only allegations explicitly relate to race are tethered to the actions of a former African American employee who allegedly "brandished a knife at a fellow colleague."[28] Allegations about a former employee, however, do not show how, in this case, Defendant Smith's Layton Distribution took specific adverse actions against Plaintiff based on her race or gender.[29] Thus, as currently stated, Hill's allegations are "too vague, conclusory, and unattenuated to the alleged adverse actions" necessary to support an inference of discrimination by the Defendant.[30]

Even under a liberal construction the court concludes that Hill fails to provide enough well-pleaded factual allegations to support her alleged claims for relief and the complaint is therefore subject to dismissal.[31] Yet "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend."[32] Accordingly, Plaintiff is given an opportunity to amend her complaint and is required to do so no later than **February 20, 2025.**

A failure to timely amend may result in dismissal of Plaintiff's case.

---

[27] *Id.* (indicating a co-worker stated that "all black people smoke marijuana or have access to it.").

[28] ECF No. 1-2. It is unclear if the former African American employee worked at Smith's Layton Distribution or Spherion Staffing. *See* ECF No. 102 at 1 (stating that Trujillo told Plaintiff the company was taking "precautionary measures" based on behavior of a former employee).

[29] *See Kumar v. New Jersey,* 2021 U.S. Dist. LEXIS 161046, at *10 (D.N.J. Aug. 25, 2021) ("Other than conclusory statements, there are no allegations of any statement or action [by Defendant] which could conceivably support a claim of overt or explicit racial animus, or reflect discriminatory bias.") (internal quotation and citation omitted).

[30] *Marable v. Oaks Integrated Care, Inc.,* 2024 U.S. Dist. LEXIS 60291, at *11 (April 2, 2024).

[31] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[32] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted).

## CONCLUSION

The court ORDERS as follows:

1. Plaintiff's Motion to Proceed In Forma Pauperis is again TEMPORARILY GRANTED subject to Plaintiff timely filing her Amended Complaint no later than **February 20, 2025**.[33] The words "Amended Complaint" should appear in the caption of the document.

2. Plaintiff is advised that her Amended Complaint will completely replace all prior versions of the complaint and any claims which are not realleged will be deemed abandoned.[34]

3. The Amended Complaint must provide a statement of each claim raised along with the specific facts that support the claim. Plaintiff must clearly identify all relevant parties.

3. Once filed, the court will again screen the Amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than the Amended Complaint, the restriction on filing motions or other documents set forth in the court's December 10, 2024 Order[35] remains in place.

5. Failure to file a timely Amended Complaint may result in dismissal of Plaintiff's action.

---

[33] ECF No. 2.

[34] *See Pierce v. Williams*, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[35] ECF No. 6.

DATED this 30 January 2025.

                                              Magistrate Judge Dustin B. Pead
                                              United States District Court for the District of Utah