## IN THE UNITED STATE DISTRICT COURT

## STATE OF UTAH

| | |
|---|---|
| CORNEATIA S. HILL,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S LAYTON DISTRIBUTION,<br>and SPHERION STAFFING, LLC,<br><br>Defendants. | **REPORT & RECOMMENDATION**<br><br>**Case No.  1:24-cv-00201**<br><br>**District Court Judge Robert J. Shelby**<br><br>**Magistrate Judge Dustin B. Pead** |

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Robert J. Shelby. (ECF No. 31, Order for Reassignment).

On September 25, 2025, the court issued an Order to Show Cause asking Plaintiff to respond and address why the claims against Defendant Spherion Staffing should not be dismissed for failure to prosecute or move for default judgment. (ECF No. 29, Order to Show Cause). Plaintiff did not timely respond to the court's Order to Show Cause or move for default judgment, and the time within which to do so has expired. As a result, the court RECOMMENDS dismissal of Spherion Staffing as a Defendant in this action.[1]

---

[1] Of note, Plaintiff filed a separate, yet identical, case against Spherion Staffing LLC, in this court. *See Hill v. Spherion Staffing, LLC*, 1:24-cv-00202-DBP. In that action, Plaintiff's claims against Defendant Spherion Staffing LLC were dismissed as untimely and for failure to state a claim. *See* ECF No. 34; *see also* 28 U.S.C. § 1915.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions *sua sponte* for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1205 n.3 (10th Cir. 2003); *see also Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1161 (10th Cir. 2007) (*citing Petty v. Manpower Inc.,* 591 F.2d 615, 617 (10th Cir. 1979) ("a district court may, without abusing its discretion, enter such an order without attention to any particular procedures")).

## RECOMMENDATION

Plaintiff failed to comply with this court's Order requiring her, no later than October 6, 2025, to address her failure to prosecute Defendant Spherion Staffing. Federal Rule 41(b) allows for dismissal of an action against a party based on a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b). Accordingly, the court hereby RECOMMENDS that Defendant Spherion Staffing LLC be dismissed as a party to this action. Plaintiff's action against Defendant Smith's Layton Distribution, however, remain viable.

Consistent therewith, the Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 27th day of October, 2025.

BY THE COURT

_____

DUSTIN B. PEAD
Magistrate Judge
United States District Court