IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CORNEATIA S. HILL,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S LAYTON DISTRIBUTION, and SPHERION STAFFING LLC,<br><br>Defendants. | **ORDER ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 1:24-cv-00201-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Magistrate Judge Dustin B. Pead's Report & Recommendation that this court dismiss Defendant Spherion Staffing LLC from this case.[1] For the reasons explained below, the court ADOPTS the Report & Recommendation.

Plaintiff Corneatia S. Hill initiated this pro se action against Defendants Smith's Layton Distribution and Spherion Staffing on December 9, 2024.[2] The case was randomly assigned to Judge Pead.[3] On September 25, 2025, Judge Pead ordered Hill to show cause by October 6, 2025 why her claims against Spherion Staffing should not be dismissed for failure to prosecute.[4] After Hill failed to file a response, Judge Pead ordered the case randomly reassigned to a district judge.[5] The case was reassigned to District Judge Robert J. Shelby and referred to Judge Pead under 28 U.S.C. § 636(b)(1)(B).[6] On October 27, 2025, Judge Pead issued the Report & Recommendation, which advised Hill of her right to object within fourteen days under Federal

---

[1] Dkt. 33, *Report & Recommendation*.

[2] Dkt. 1, *Complaint for Employment Discrimination*.

[3] Dkt. 5, *Notice of Presiding Magistrate Judge Assignment*.

[4] Dkt. 29, *Order to Show Cause*.

[5] Dkt. 31, *Docket Text Order for Reassignment*.

[6] Dkt. 32.

Rule of Civil Procedure 72(b).[7] Judge Pead further cautioned Hill that "[f]ailure to object may constitut[e] waiver" of any objections.[8]

Federal Rule of Civil Procedure 72 allows parties to object to a report and recommendation within fourteen days after being served with a copy of it.[9] When no timely objections are filed, the Supreme Court has suggested no further review by the district court is required.[10] This court reviews for clear error any report and recommendation to which no objections have been raised.[11]

Here, Hill has not objected, and the deadline to do so has passed. Accordingly, the court reviews the Report & Recommendation for clear error. Finding none, the court ADOPTS the Report & Recommendation in full.[12] The court therefore DISMISSES Spherion Staffing from this case.

SO ORDERED this 14th day of November 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[7] *Report & Recommendation* at 2.

[8] *Id.*

[9] Fed. R. Civ. P. 7(b)(2).

[10] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrates Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[11] *See Martinez Olivares v. Harvestland Constructors Inc.*, No. 24-3162, 2025 WL 2651100, at *1 n.1 (10th Cir. Sept. 16, 2025) ("[W]hen there's no objection, the district judge can apply any standard deemed appropriate." (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991))); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974))).

[12] Dkt. 33.